

# NUMBER 13-23-00516-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**TERRENCE LEE SCOTT,**                                            **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                        **Appellee.**

## ON APPEAL FROM THE 187TH DISTRICT COURT
## OF BEXAR COUNTY, TEXAS

# MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Silva**
**Memorandum Opinion by Justice Longoria**

Appellant Terrence Lee Scott pleaded guilty to the offense of assault causing bodily injury to a family member, a third-degree felony. *See* TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(2)(A). The trial court found appellant guilty and assessed punishment at ten years' imprisonment. However, the trial court suspended the sentence and placed appellant on community supervision for a term of four years, then later extended the term

by two years and four months. The State of Texas filed a motion to revoke community supervision. Appellant pleaded true to two of the allegations in the State's motion. After a hearing, the trial court found that appellant violated the terms of his community supervision, revoked appellant's community supervision, and sentenced him to ten years' imprisonment. Appellant's court-appointed counsel has filed an amended *Anders* brief stating that there are no arguable grounds for appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). We affirm the trial court's judgment.

## I. *ANDERS* BRIEF[1]

Pursuant to *Anders v. California*, appellant's court-appointed appellate counsel filed a brief and a motion to withdraw with this Court, stating that his review of the record yielded no grounds of reversible error upon which an appeal could be predicated. *See id.* Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities." (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.))); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

---

[1] This case is before this Court on transfer from the Fourth Court of Appeals in San Antonio pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. §§ 22.220(a) (delineating the jurisdiction of appellate courts), 73.001 (granting the supreme court the authority to transfer cases from one court of appeals to another at any time that there is "good cause" for the transfer).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014), appellant's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Appellant's counsel also informed this Court in writing that he: (1) notified appellant that counsel has filed an *Anders* brief and a motion to withdraw; (2) provided appellant with copies of both pleadings; (3) informed appellant of his right to file a pro se response, to review the record prior to filing those responses, and to seek discretionary review if we conclude that the appeal is frivolous; and (4) provided appellant with a form motion for pro se access to the appellate record that only requires appellant's signature and date with instructions to file the motion within ten days. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20; *see also In re Schulman*, 252 S.W.3d at 408–09.

In this case, appellant filed a motion to access the appellate record, which also indicated he sought to file a pro se response. We granted the motion and ordered the trial court to ensure that appellant had the opportunity to fully examine the clerk's record and reporter's record and notify us as to the date upon which the clerk's record and reporter's record was made available to appellant. Our order also notified appellant that he had thirty days from the date the clerk's record and reporter's record were first made available to him to file a pro se response. The record indicates that appellant was provided the clerk's record and reporter's record on February 6, 2024. To date, appellant has not filed a pro se response nor a request for an extension of time to file a pro se response.

3

## II.   INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the record and counsel's brief, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 511.

## III.   MOTION TO WITHDRAW

In accordance with *Anders,* appellant's counsel has asked this Court for permission to withdraw as counsel. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17. We grant counsel's motion to withdraw. Within five days from the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to appellant and to advise him of his right to file a petition for discretionary review.[2] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 411 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

---

[2] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Clerk of the Texas Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See id.* R. 68.4.

### IV.   CONCLUSION

We affirm the trial court's judgment.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
15th day of August, 2024.

5